IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARKUS D. COFER, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | No. 3:22-cv-02657-D (BT) | |
| § | | |
| PEOPLE OF THE WORLD, § | | |
|     Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Markus D. Cofer initiated this *pro se* civil case by filing a complaint and a motion to proceed *in forma pauperis*. The Court should deny Cofer's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss this case unless Cofer pays the $402.00 filing fee by January 3, 2023.

I.

The procedure for a party to bring a lawsuit *in forma pauperis* is set forth in 28 U.S.C. § 1915. Section 1915 provides that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, *by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor*. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1) (emphasis added). The goal of § 1915(a) is to allow access to federal courts for those plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The court may require a plaintiff to complete a financial affidavit in support of a motion to proceed *in forma pauperis*. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 439-40 (5th Cir. 2016).

On November 29, 2022, Cofer filed the pending motion to proceed *in forma pauperis*. (ECF No. 4.) But he failed to answer most of the questions in the financial affidavit; indeed, he responded to almost every question with "N/A." *Id.* at 1-5. Where the financial affidavit form provided space for "other information" regarding why Cofer cannot pay the costs of the proceedings, he wrote, "Science project (more study time needed)." *Id.* at 5. In sum, Cofer has generally failed to include the basic financial information the Court needs to rule on a motion to proceed *in forma pauperis*. Therefore, the Court cannot find that payment of fees here would cause Cofer to suffer an "undue financial hardship." *See Prows*, 842 F.2d at 140.

II.

The Court should DENY Cofer's motion for leave to proceed *in forma pauperis* and dismiss this case without prejudice unless Cofer pays the $402.00 filing fee by January 3, 2023.

Signed December 2, 2022.

  
REBECCA RUTHERFORD  
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).